**NORTH STAR MUTUAL INSURANCE COMPANY, Respondent,**

v.

**David M. ZIEBARTH, Michelle M. Ziebarth, Appellants.**

**No. C2-85-553.**

Court of Appeals of Minnesota.

Sept. 3, 1985.

Review Granted Nov. 4, 1985.

Marcus J. Christianson, Christianson, Stoneberg, Giles & Myers, P.A., Minneota, for respondent.

James E. Malters, Von Holtum, Hand, Malters & Sheperd, Worthington, John I. Halloran, Winzenburg, Halloran & Handevidt, Jackson, for appellants.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from a summary judgment holding appellant Michelle Ziebarth was not an insured under her deceased father's homeowner's insurance policy. Appellants claim the trial court erroneously interpreted the coverage provisions of the insurance policy. We reverse and remand.

## FACTS

The facts are not disputed. Respondent North Star Mutual Insurance Company issued a homeowner's policy to Alois J. Fischer on June 26, 1981 for his residence in Marshall, Minnesota. Alois Fischer died December 13, 1981. Before his death, Fischer lived with his second wife, JoAnn Fischer, and two minor children from his first marriage.

One of Fischer's personal representatives asked Michelle Ziebarth, Fischer's emancipated daughter, to stay at the Marshall residence to take care of her two brothers and assist in sorting Alois Fischer's personal property. Michelle Ziebarth stayed at her father's home continuously until January 9, 1982.

On January 9, 1982, Michelle's husband, David Ziebarth, travelled from their home in Vermillion, South Dakota to Marshall. The Ziebarths planned to spend the night in

the Fischer home and return to Vermillion in the morning. That evening, Michelle was making popcorn and started a fire. When David responded to Michelle's cries for help, she handed him the burning pan. Hot oil spilled on David's hand causing severe burns.

Respondent later commenced a declaratory judgment action against the Ziebarths asserting Michelle Ziebarth was not insured under her father's homeowner's policy against a potential claim by her husband. The trial court heard cross-motions for summary judgment and on January 10, 1985, the trial court granted respondent's motion for summary judgment finding no insurance coverage.

## ISSUE

Was Michelle Ziebarth an insured under the terms of her father's homeowner's insurance policy?

## ANALYSIS

■ 1. The trial court's judgment was based solely upon its interpretation of the insurance contract. Where the trial court relies solely on documentary evidence in reaching its decision, this court need not defer to the trial court's decision. *See Maher v. All Nation Insurance Company,* 340 N.W.2d 675, 678 (Minn.Ct.App.1983), *pet. for rev. denied,* (Minn. Apr. 25, 1984).

2. The coverage of Alois Fischer's homeowner's policy is determined by the following general policy provisions:

**DEFINITIONS**—The following definitions apply to this policy.

1. The words *you* and *your* refer to the person or persons named in the Declarations and *your* spouse if a resident of *your* household. * * *

\* \* \* \* \* \*

6. *Insured:*

 a. *Insured* means *you* and, if residents of *your* household, *your* relatives and any other person under the age of 21 in *your* care or in the care of *your* resident relatives.

 \* \* \* \* \* \*

 c. If *you* die while insured under this policy, *your* protection passes to *your* legal representative or other person having proper, temporary custody of covered property. However, this person or *your* legal representative is an *insured* only with respect to insurance on covered property and legal liability arising out of the property. * * *

 d. Each person listed above is a separate *insured* under this policy, but this does not increase *our* limit of liability under this policy.

(Emphasis in original).

■ Appellants claim Michelle is an insured under definition 6(c). Respondent claims, and the trial court held, provision 6(c) is not applicable because "you" refers to all named insureds in the policy. Under this interpretation, both Alois and JoAnn Fischer must die before definition 6(c) becomes effective.

The trial court's interpretation was erroneous because the policy states:

 Each person listed above is a separate *insured* under this policy * * *.

Under the plain language of the policy, definition 6(c) applies when any named insured dies. Definition 6(c) was activated by the death of Alois Fischer.

3. Respondent asserts that even if definition 6(c) applies, Michelle Ziebarth is excluded from coverage because someone other than Michelle Ziebarth had been appointed legal representative of the estate. Respondent claims definition 6(c) should be interpreted to read:

 If you die while insured under this policy, your protection passes to your legal representative or other person having proper, temporary custody of covered property *before the appointment of your legal representative.*

Respondent asserts the policy is not ambiguous because the use of the word "or" in definition 6(c) plainly and clearly excludes persons having temporary custody of covered property after the appointment of a legal representative.

In interpreting insurance policies, this court is guided by the Minnesota Supreme Court's statement in *Columbia Heights Motors, Inc. v. Allstate Insurance Company*, 275 N.W.2d 32 (Minn.1979):

> Whether the language of an insurance policy is ambiguous is a question of law to be decided initially by the trial court. * * * If the language of the policy is reasonably subject to more than one interpretation, there is ambiguity. If it is not reasonably subject to more than one interpretation, there is no ambiguity. A court may not "read an ambiguity into the plain language of a policy in order to provide coverage." In interpreting the policy language, a court is to give the terms "their plain, ordinary, and popular meaning."

*Id.* at 34 (citations omitted).

In this matter, respondent's use of the word "or" in definition 6(c) creates an ambiguity because the definition provides two possibilities for coverage without explaining when each possibility applies. Respondent contends this court should hold the policy clearly infers that no other person is an insured under definition 6(c) after the appointment of a legal representative. This claim ignores the supreme court's directive that:

> any reasonable doubt as to the meaning of the language of an insurance policy must be resolved in favor of the insured.

*Id.* at 36. Had respondent desired to restrict the application of definition 6(c), it could have included language to that effect. This court must resolve any doubt in favor of the insured. Michelle Ziebarth is an insured under her father's homeowner's policy.

## DECISION

Definition 6(c) applied after the death of Alois Fischer. Michelle Ziebarth was a person having proper, temporary custody of covered property and is an insured under the terms of Alois Fischer's homeowner's policy. We reverse and remand with instructions to enter summary judgment in favor of appellants.

Reversed and remanded.