**NORTH STAR MUTUAL INSURANCE COMPANY, Petitioner, Appellant,**

v.

**David M. ZIEBARTH, Michelle M. Ziebarth, Respondents.**

**No. C2–85–553.**

Supreme Court of Minnesota.

May 9, 1986.

Marcus J. Christianson, Minneota, for appellant.

James E. Malters, Worthington, for David Ziebarth.

John I. Halloran, Jackson, for Michelle Ziebarth.

SCOTT, Justice.

North Star Mutual Insurance Company (North Star) seeks further review of a Minnesota Court of Appeals decision holding that Michelle Ziebarth was an insured under her deceased father's homeowner's insurance policy. The court of appeals reversed the trial court, which had found no insurance coverage under the homeowner's policy. We reverse the court of appeals.

On June 26, 1981, North Star issued a homeowner's insurance policy to Alois Fischer for his residence in Marshall, Minnesota. Alois lived in the insured home with his second wife, JoAnn, and his two minor sons from a previous marriage, Bradley and Scott.

Alois died on December 13, 1981. His daughter from his first marriage, Michelle Ziebarth, left her home in Vermillion, South Dakota, and came to the insured residence in Marshall. After her father's funeral, Michelle cared for her two brothers as Alois had requested shortly before his death. She also assisted in sorting the personal property of her father at the request of one of the personal representatives, Diane Doom. JoAnn Fischer and Diane Doom had both been appointed personal representatives.

On January 9, 1982, David Ziebarth, Michelle's husband, arrived at the insured residence. The Ziebarths planned to return to their own home in Vermillion the following day. That night, Bradley and David were watching a basketball game on television in the living room and JoAnn was in the basement watching TV. Michelle was in the kitchen, making popcorn. She put vegetable oil in a frying pan on the heated stove. After placing a few kernels of popcorn in the pan, she put a cover over it. When she later removed the cover from the pan, the oil burst into flames. Michelle shouted for help. David came running from the living room. Michelle had the frying pan in her hand and yelled for David to take it from her. As she handed him the pan, the hot oil poured onto David's left hand. David then grabbed the pan with his right hand and carried it outside.

David's left hand, his dominant hand, was severely burned. He filed a claim against his wife, who, he argued, was an insured under the homeowner's policy issued to her father. North Star commenced this declaratory judgment action, contending that Michelle was not covered by the homeowner's policy. The Lyon County District Court granted North Star's motion for summary judgment. The Ziebarths appealed. The court of appeals reversed. *North Star Mutual Insurance Co. v. Ziebarth*, 373 N.W.2d 622 (Minn.App.1985).

We granted North Star's petition for further review and now discuss whether Michelle Ziebarth was an insured under the North Star homeowner's policy issued to Alois Fischer.

The Ziebarths contend that Michelle is an insured under 6.c. of the "definitions" section of Alois' homeowner's policy. The provision reads:

If *you* die while insured under this policy, *your* protection passes to *your* legal representative or other person having proper, temporary custody of covered property.

Because one of Alois' personal representatives requested her to stay at the insured residence and sort the personal property of her father, Michelle maintains she was an "other person having proper, temporary custody of covered property" under this provision.

The provision, however, appears to be inapplicable. The definition of the word "you" as used in the policy is specifically spelled out in the "definitions" section of the policy. It reads:

The words *you* and *your* refer to the person or persons named in the Declarations and *your* spouse if a resident of *your* household.

Alois Fischer is named in the "declarations" section of the policy; thus, the word

"you" refers to him, as well as his spouse, JoAnn. Therefore, the clause "if *you* die" in the policy means only that if Alois Fischer and JoAnn Fischer both died, coverage would pass to the legal representative or other person having proper, temporary custody of the covered property.

Here, there was no need for the coverage to pass to a legal representative or other person in temporary custody of the home. JoAnn Fischer survived her husband and was operative as an insured. After Alois' death, she continued to live in the house covered by the homeowner's policy and had custody of the covered property. Therefore, it was not necessary for a personal representative or any other person to assume temporary custody of the property. The provision allowing for such a transfer of coverage was not, in this case, triggered.

The decision of the court of appeals is therefore reversed and the judgment of the district court reinstated.

Reversed.

YETKA, J., dissents.

YETKA, Justice (dissenting).

I dissent.

First, I believe this petition for further review was improvidently granted. The case is neither of statewide significance nor likely to be precedent in other cases. Minn.Stat. § 480A.10, subd. 2 (1984). On this basis alone, we should affirm the court of appeals. Furthermore, I find that the court of appeals' decision was legally correct.

The policy contains the following provisions in its definition section:

**DEFINITIONS**—The following definitions apply to this policy.

1. The words *you* and *your* refer to the person or persons named in the Declarations and *your* spouse if a resident of *your* household.

\*  \*  \*  \*  \*  \*

6. *Insured:*
   a. *Insured* means *you* and, if residents of *your* household, *your* relatives and any other person under the age of 21 in *your* care or in the care of *your* resident relatives.

\*  \*  \*  \*  \*  \*

c. If *you* die while insured under this policy, *your* protection passes to *your* legal representative or other person having proper, temporary custody of covered property. However, this person or *your* legal representative is an *insured* only with respect to insurance on covered property and legal liability arising out of the property.  \* \* \*
d. Each person listed above is a separate *insured* under this policy, but this does not increase *our* limit of liability under this policy.

(Emphasis in original.)

It seems clear to me that, under the plain meaning of the policy, each person listed is a separate insured. As the court of appeals stated, section 6.c. applies whenever a separate insured dies and, therefore, Michelle Ziebarth appears to be covered for the death of Alois Fischer.

The language is, at least, ambiguous. In interpreting insurance policies, an ambiguity is to be interpreted against the drafter of the policy. *Nordby v. Atlantic Mutual Insurance Co.*, 329 N.W.2d 820, 822 (Minn.1983). The reason for this ancient rule is obvious: the company drafts the policy and should be able to describe coverage in clear and simple terms. *See* G. Couch, Cyclopedia of Insurance Law § 15.74 (1984); R. Keeton, Basic Text on Insurance Law § 6.3(a) (1971). If a policy is drafted ambiguously, it should be interpreted to extend coverage to the insured if the result was within the reasonable expectations of the insured. *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271 (Minn.1985).

Here, a strong case for coverage can be made on the basis of the plain meaning of the policy and a still stronger case on the basis of ambiguity. Thus, I would affirm the court of appeals.